**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4676**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTOWANE DENNIS KOONTZ,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:22-cr-00051-TDS-1)

_____

Submitted:  December 1, 2025                    Decided:  December 12, 2025

_____

Before WYNN, HEYTENS, and BERNER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antowane Dennis Koontz appeals the 137-month sentence imposed following his guilty plea to distributing a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). In arriving at the chosen sentence, the district court classified Koontz as a career offender based on his prior North Carolina judgments for possession with intent to sell or deliver cocaine and attempted second-degree rape. *See* U.S. Sentencing Guidelines Manual § 4B1.1(a) (2021) (stating defendant is career offender if instant offense is felony controlled substance offense or crime of violence and defendant has at least two prior felony convictions for either crimes of violence or controlled substance offenses). On appeal, Koontz challenges his career offender designation. We affirm.

Koontz first argues that his prior judgment for possession with intent to sell or deliver cocaine does not categorically qualify as a controlled substance offense because the statute of his conviction, N.C. Gen. Stat. § 90-95(a)(1) (West, Westlaw through 2025 Sess.), criminalizes attempt offenses. In *United States v. Campbell*, 22 F.4th 438, 440 (4th Cir. 2022), we held that the then-applicable Guidelines excluded attempt crimes from the definition of "controlled substance offense."[*] However, in *United States v. Miller*, 75 F.4th 215 (4th Cir. 2023), we held that N.C. Gen. Stat. § 90-95(a)(1) does not punish attempt offenses and, therefore, that a conviction under that statute was a categorical match with those Guidelines' definition of "controlled substance offense." *Id.* at 230-31. Because

---

[*] "The Sentencing Commission later amended the Guidelines to include within the definition of a 'controlled substance offense' an 'attempt to commit any such offense.'" *United States v. Nelson*, 151 F.4th 577, 580 n.2 (4th Cir. 2025) (citation modified).

2

*Miller* thus forecloses Koontz's argument on appeal, we discern no error in the district court's conclusion that his prior judgment was a controlled substance offense.

Next, Koontz argues that the district court erred by finding that his 1999 conviction for attempted second-degree rape was a crime of violence. Notably, Koontz does not dispute that this conviction qualifies as a crime of violence under the 2021 Guidelines. Instead, he contends that application of those Guidelines to his 1999 conviction violated the Ex Post Facto Clause.

"We review de novo . . . whether the application of a Guidelines amendment contravenes the Ex Post Facto Clause." *United States v. Lewis*, 606 F.3d 193, 197 (4th Cir. 2010). "The Ex Post Facto Clause prohibits retroactive laws that create a significant risk of increased punishment for a crime." *Id.* at 198 (citation modified). The Supreme Court has held that "'there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense.'" *United States v. Abed*, 3 F.4th 104, 113 (4th Cir. 2021) (quoting *Peugh v. United States*, 569 U.S. 530, 533 (2013)).

Koontz argues that his 1999 rape conviction did not qualify as a crime of violence prior to a 2016 amendment to the Guidelines and, thus, that the district court's application of the 2021 Guidelines retroactively increased the punishment for his rape offense. We are unpersuaded. Koontz is not now being punished for the rape offense, but for the heroin distribution charged in his offense of conviction. And because the relevant amendment to the Guidelines was enacted well before Koontz committed the instant offense conduct,

3

there "has been no after the fact increase in [his] punishment" for that conduct. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). Accordingly, the district court did not violate the Ex Post Facto Clause in finding that Koontz's 1999 conviction qualified as a career offender predicate under the 2021 Guidelines. *See, e.g.*, *United States v. Etheridge*, 932 F.2d 318, 323 (4th Cir. 1991) (holding that there is no ex post facto problem when court enhances a sentence under the Armed Career Criminal Act on basis of convictions that occurred prior to Act's passage).

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*